Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny St., Ste. 200
San Francisco, CA 94108
Tel:  (415) 956-5513
Fax:  (415) 840-0308
Email: bob@jobelaw.com

Attorney for Plaintiffs.

ORIGINAL FILED

FEB 21 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICENTE QUIJADA BONILLA; VICENTE A. PORTILLO QUIJADA, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; DEPARTMENT OF HOMELAND SECURITY; EMILIO T. GONZALEZ, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; LYNNE SKEIRIK, DIRECTOR, NATIONAL VISA CENTER; HERMAN PARDO, USCIS OFFICER, EMBASSY OF THE UNITED STATES, SAN SALVADOR, EL SALVADOR; CONDOLEEZZA RICE, SECRETARY OF STATE, <br><br> Defendants. | No. CV 08 1061 MMC <br><br> COMPLAINT FOR A WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF <br><br> USCIS Agency Numbers: <br> 71-787-435  (Vicente Quijada Bonilla) <br> 98-824-449  (Vicente A. Portillo Quijada) |

## COMPLAINT FOR A WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF

By and through their undersigned attorney, Plaintiffs, VICENTE QUIJADA BONILLA ("Mr. Quijada Bonilla") and VICENTE A. PORTILLO QUIJADA ("Mr. Portillo Quijada"), as and for their complaint, allege as follows:

Complaint for a Writ of Mandamus

**PRELIMINARY STATEMENT**

1. Mr. Quijada Bonilla is a native and citizen of El Salvador who has been granted asylum in the United States. Nearly three years ago, Mr. Quijada Bonilla filed a petition to confer derivative asylee status on his son, Mr. Portillo Quijada, with the U.S. Citizenship and Immigration Services ("USCIS," formerly the Immigration and Naturalization Service).[1] The USCIS approved that petition on October 5, 2005 and forwarded it to the Department of State National Visa Center in Portsmouth, New Hampshire. At the time of the approval, USCIS informed Mr. Quijada Bonilla that "[t]he Department of State will notify the U.S. Embassy or Consulate abroad having jurisdiction over the area where your relative(s) resides," which will then "contact your relative(s) regarding procedures to be followed for travel to the United States." Nevertheless, the Department of State has not contacted Mr. Portillo Quijada or arranged for his travel to the United States. This action seeks to compel the issuance of a travel document to Mr. Portillo Quijada.[2]

**JURISDICTION**

2. Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1361, as a civil action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to Plaintiffs; 5 U.S.C. § 702, as a challenge to agency action under the Administrative Procedure Act ("APA"); and 28 U.S.C. §§ 2201 and 2202, as a civil action seeking, in addition to other remedies, a declaratory judgment.

**VENUE**

3. Venue is properly in this district pursuant to 28 U.S.C. §§ 1391(e)(2) and (e)(3),

---

[1] Pursuant to the *Department of Homeland Security Reorganization Plan, Homeland Security Act of 2002*, Pub. L. No. 107-296, 116 Stat. 2135 (2002), 6 U.S.C. §§ 101-557, as of March 1, 2003, the INS was abolished and its functions were transferred to the U.S. Citizenship and Immigration Services ("USCIS") within the Department of Homeland Security ("DHS").

[2] The Receipt Number assigned by the USCIS to the I-730 petition filed by Mr. Quijada Bonilla on behalf of his son is LIN-05-176-52450.

Complaint for a Writ of Mandamus          2

because a substantial part of the events giving rise to this claim occurred in this district, Mr. Quijada Bonilla resides in this district, and no real property is involved in this action.

## STANDING

4. The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' illegal action has immeasurably prolonged the separation of the Plaintiffs, a father and son. Plaintiffs thus fall within the APA's standing provisions. *See, Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State, Bureau of Consular Affairs*, 45 F.3d 469, 471-72 (D.C. Cir. 1995), *reh'g denied*, 74 F.3d 1308 (D.C. Cir.), *vacated on other grounds*, 117 S. Ct. 378 (1996); *see also, Abourezk v. Reagan*, 785 F.2d 1043, 1050-51 (D.C. Cir. 1986).

## PLAINTIFFS

5. Mr. Quijada Bonilla is a native and citizen of El Salvador who currently resides at 389 Winchester Street, Daly City, CA 94014. On January 19, 2005, Mr. Quijada Bonilla was granted asylum in the United States, and on approximately May 19, 2005, he petitioned the USCIS, on Form I-730, to confer derivative asylee status on his son, Mr. Portillo Quijada. Although the USCIS approved those petitions on October 5, 2005, neither it nor the Department of State has issued a travel document to Mr. Portillo Quijada, who remains in El Salvador.

6. Mr. Portillo Quijada, a native and citizen of El Salvador, is Mr. Quijada Bonilla's eighteen year old son. He presently resides at Calle Principal Polibano J. Casa #38, Colonia Santa Eugenia, Aguilares, El Salvador. He has been unable to join his father in the United States because of the inexplicable delay of USCIS and the Department of State in issuing him a travel document.

## DEFENDANTS

7. Michael Chertoff is the Secretary of the Department of Homeland Security, the executive department which contains the USCIS, and is sued herein in his official capacity. Defendant Chertoff is charged with the administration and enforcement of the Immigration and Nationality Act pursuant to INA § 103(a), 8 U.S.C. § 1103(a).

8. The United States Citizenship and Immigration Services (USCIS) is the federal

agency within the Department of Homeland Security that is responsible for the administration and enforcement of the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-citizens.

9. Emilio T. Gonzalez is the Director of the USCIS and, as such, has been delegated the authority to direct the administration of the USCIS, and to enforce the INA and all other laws relating to the immigration and naturalization of non-citizens. Defendant Gonzalez is sued herein in his official capacity.

10. Lynne Skeirik is the Director of the U.S. Department of State's National Visa Center and is sued in her official capacity.

11. Herman Pardo is the USCIS officer in charge at the U.S. Embassy in San Salvador, El Salvador and is sued herein in his official capacity.

12. Condoleezza Rica is the Secretary of State and oversees the U.S. Department of State. She is sued in her official capacity.

## FACTS

13. In enacting the Refugee Act of 1980, Congress expressed its commitment to the "historic policy of the United States to respond to the urgent needs of persons subject to persecution in their homelands." *Refugee Act of 1980*, Pub. L. No. 96-212, 94 Stat. 102 (1980). A priority of this policy was the preservation and protection of the families of people granted asylum in this country. The INA provides that a spouse or child of an asylee "may . . . be granted the same status as the [asylee] if accompanying, or following to join, such alien." INA § 208(b)(3) [8 U.S.C. § 1158(b)(3)]; *see generally* 8 C.F.R. § 1208.21.

14. USCIS regulations outline the procedures that must be followed for an asylee to petition for a spouse and/or children who are outside the United States. For each family member, the asylee must file a Refugee/Asylee Relative Petition (Form I-730) with the USCIS, "setting forth the full name, relationship, date and place of birth, and current location of each [qualifying family member]." 8 C.F.R. § 1208.21(d).

15. Once the USCIS approves the petition, it forwards the petition to the Department of State's National Visa Center "for delivery to the American Embassy or Consulate having

Complaint for a Writ of Mandamus                          4

jurisdiction over the area in which the asylee's spouse or child is located." 8 C.F.R. § 1208.21(d). Officers of the USCIS at the American Embassy then have the ministerial duty of issuing travel documents to the beneficiaries of the approved I-730 petitions.

16. This lawsuit arises out of Defendants' illegal delay of nearly three (3) years in issuing an asylee relative visa or travel document to Mr. Portillo Quijada. Defendants' willful delay in issuing a travel document to Mr. Quijada Bonilla's son clearly contravenes the USCIs's and/or Department of State's duty to process the approved petition within a reasonable period of time. As a result of this delay, Mr. Quijada Bonilla's son remains alone in El Salvador, separated from his father.

17. This civil action seeks a writ of mandamus ordering Defendants to promptly issue a travel document to Mr. Portillo Quijada.

18. Plaintiffs have exhausted any administrative remedies that may exist. No other remedy exists for Plaintiffs to resolve Defendants' refusal to comply with their regulatory obligations within a reasonable period of time.

19. Defendants' illegal action has kept Plaintiffs in separate countries without the ability to be reunited. Mr. Quijada Bonilla's son cannot travel to the United States as a derivative asylee because of Defendants' illegal action.

20. Plaintiffs have suffered, and will continue to suffer, irreparable injury for which they have no adequate remedy at law. If the relief prayed for is not granted, Plaintiffs will suffer continued separation and extreme individual hardship.

### FIRST CAUSE OF ACTION
(Mandamus)

21. Plaintiffs repeat, allege, and incorporate paragraphs 1 through 20 above as though fully set forth herein.

22. Defendants have the nondiscretionary duty to issue a travel document to Mr. Quijada Bonilla's son within a reasonable period of time. By failing to do so, Defendants are, quite simply, failing to comply with their statutory and regulatory duties. Plaintiffs are entitled, therefore, to relief in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendants to issue a travel document to Mr. Portillo Quijada.

Complaint for a Writ of Mandamus                              5

## SECOND CAUSE OF ACTION
### (Violation of the Administrative Procedure Act)

23. Plaintiffs repeat, allege, and incorporate paragraphs 1 through 22 above as though fully set forth herein.

24. Plaintiffs are persons aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* By failing to issue the travel document to Mr. Portillo Quijada, Defendants have acted arbitrarily and capriciously and have "unlawfully withheld or unreasonably delayed" agency action in violation of 5 U.S.C. § 706.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray that this Court:

(1) Accept jurisdiction over this action;

(2) Declare Defendants' failure to issue a travel document to Mr. Portillo Quijada pursuant to Mr. Quijada Bonilla's approved I-730 petition to be a violation of 8 C.F.R. § 1208.21 and the Administrative Procedure Act;

(3) Order the USCIS to immediately issue a travel document to the derivative plaintiff;

(4) Grant attorney's fees and costs of court under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and other authority; and

(5) Grant such other and further relief as this Court deems just and proper under the circumstances.

DATED: February 21, 2008

Respectfully submitted,

Robert B. Jobe
LAW OFFICE OF ROBERT JOBE
550 Kearny, Suite 200
San Francisco, CA 94108
Tel:   (415) 956-5513
Fax:   (415) 840-0308
Email: bob@jobelaw.com

Attorney for Plaintiffs